UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LITT,

        Plaintiff,

                                CASE NO. 13-CV-12393
v.                               HONORABLE GEORGE CARAM STEEH

MIDLAND CREDIT
MANAGEMENT, INC.,

        Defendant.

_____/

**ORDER GRANTING IN PART, AND DENYING IN PART,
PLAINTIFF'S MOTION TO AMEND (Doc. 11)**

This lawsuit originally filed for alleged violations only of the Fair Debt Collection
Practices Act ("FDCPA"), 15 U.S.C. § 1692k, arises out of defendant Midland Credit
Management, Inc.'s ("Midland") alleged misconduct in its efforts to collect a debt that
plaintiff Michael Litt originally incurred at Home Depot.  Now before the court is plaintiff's
motion to amend the Complaint to add two new parties and three new state and federal
claims.  For the reasons set forth below, plaintiff's motion shall be granted in part, and
denied in part.

**BACKGROUND**

On May 1, 2013, plaintiff filed this case, on his own behalf, in small claims court in
the 45th Judicial District.  In his small claims case, plaintiff asserted that Midland sent a
validation letter to the wrong address and failed to respond to his inquiries demanding
verification of two accounts within 30 days.  (Doc. 1, Ex. 1).  Plaintiff further alleged that a

-1-

Midland representative spoke to relatives answering his phone on September 23 and 25, 2012, and other times.  He also claims he was called by defendant on March 14, 2013 and other times, despite his having sent a cease and desist letter and a request that all correspondence be through the mail.  Id.  His small claims affidavit asserts that Midland's alleged conduct violates the FDCPA. On May 31, 2013, Midland removed this action to this court.

In his proposed Amended Complaint, plaintiff admits that he incurred a debt at Home Depot which was used for personal, family, or household purposes, and is, therefore, a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).  (Proposed Amended Complaint, ¶ 9).  He alleges that the debt was transferred to Midland for collection in September, 2012. Id. at ¶ 10.  He further alleges that Midland allegedly sent a validation letter to an incorrect address, and failed to send proper notification to him after he advised Midland of his correct address.  Id. at ¶¶ 11, 19.  After Midland started reporting the debt to credit reporting agencies, plaintiff mailed a dispute/cease and desist letter to Midland, but Midland allegedly continued to call him regarding the debt.  Id. at ¶¶ 14, 18, 21-22.  Plaintiff claims Midland violated the FDCPA by contacting third parties about the debt and continuing collection activities after the debt was disputed.  Id. at ¶ 28.  Plaintiff also claims that Midland wrongfully failed to investigate the debt, and wrongfully reported the debt to credit reporting agencies Equifax, Experian and TransUnion.  Id. at ¶¶ 32-39.

In his motion to amend, plaintiff seeks to add two new defendants: Midland Funding LLC ("Midland Funding"), a collection agency and the alleged parent company of defendant Midland, and John Doe, the employee of Midland who allegedly attempted to collect the debt from plaintiff.  Plaintiff also seeks to add two new state law claims of alleged violations

of the Michigan Occupational Code ("MOC"), MCL § 339.901 et seq, and alleged violations of the Michigan Collection Practices Act ("MCPA"), MCL § 445.251 et seq. Plaintiff also seeks to add one new federal claim for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) et seq. Plaintiff also seeks to add a claim for exemplary damages and a jury demand.

Defendant Midland opposes the motion to amend on the grounds that (1) plaintiff has failed to plead a viable FCRA claim; (2) exemplary damages are not available, (3) plaintiff's motion should be denied on the basis that plaintiff delayed in filing the motion, brought the motion in bad faith, and defendant is allegedly prejudiced by the delay; (4) the court should exercise its discretion to deny the supplemental state law claims; (5) the FDCPA claims against Midland Funding and John Doe are barred by the statute of limitations; (6) claims of vicarious liability against Midland Funding are barred because the doctrine of *respondeat superior* does not apply as between a parent and subsidiary corporation; and (7) plaintiff's jury demand shall be denied as untimely and because it was not sought in a separate motion. The court addresses each argument in turn below.

## STANDARD OF LAW

Federal Rule of Civil Procedure 15(a) governs the standard for deciding a motion to amend to add a new party or claims. Rule 15(a) provides that once the time period for amending a pleading once as a matter of right has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court explained that:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

The Court of Appeals for the Sixth Circuit has explained that in considering a motion to amend "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458 (6th Cir. 2001) (citations omitted).  When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.  Id.  at 458-89.  A proposed amendment is futile if it could not survive as Rule 12(b)(6) motion to dismiss. Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). The decision to grant a motion to amend is within the sound discretion of the district court. Perkins v. American Elec. Power Fuel Supply, Inc., 246 F.3d 593,  604 (6th Cir. 2001).

In deciding whether a proposed amendment should be denied on the basis of futility, the court must consider whether the amended claim could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. Under the Supreme Court's articulation of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-56 (2007), the court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  To survive a Rule 12(b)(6)

motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Bell Atlantic, 550 U.S. at 555) (citations and quotation marks omitted). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Id. (quoting Bell Atlantic, 550 U.S. at 555).

## ANALYSIS

1. **FCRA Claims**

Plaintiff seeks to add a claim under the FCRA against Midland and Midland Funding alleging that both negligently violated 15 U.S.C. § 1681s-2(b) and 1681o, and willfully violated 15 U.S.C. § 1681s-2(b) and 1681n, by failing to investigate plaintiff's dispute over the debt information defendants provided to consumer-reporting agencies, and improperly reporting the debt to consumer-reporting agencies. (Proposed Amended Complaint, ¶¶47-67). Defendant opposes the motion to amend to add a claim under the FCRA on the grounds that plaintiff admits he incurred the Home Depot debt, and has not alleged any facts to suggest that the reporting of the debt was inaccurate. It is true that plaintiff has not alleged any facts in support of his claim that defendants Midland and Midland Funding inaccurately verified and inaccurately reported the debt. Id. at ¶63. It is not enough for plaintiff to plead legal conclusions; they must be supported by factual allegations. Having failed to do so here, plaintiff's FCRA claims are not plausible on their face and plaintiff's motion to amend to add FCRA claims shall be denied.

2.    **Exemplary Damages are Not Available**

Plaintiff seeks to amend the Complaint to add a demand for exemplary damages.
Exemplary damages are not available for violations of the FDCPA.  15 U.S.C. § 1692k(a);
see Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir. 2004); Burks v. Washington Mut.
Bank, F.A., No. 07-13693, 2008 WL 4966656, *8, n.10 (E.D. Mich. Nov. 17, 2008).
Damages for violations of the FDCPA are limited to actual damages and statutory
damages, defined as "such additional damages as the court may allow, but not exceeding
$1,000." 15 U.S.C. § 1692k(a).  Furthermore, under Michigan law, where a cause of action
arises from a state statute, there must be a basis in the statute for awarding exemplary
damages.  B & B Inv. Group v. Gitler, 229 Mich. App. 1, 10 (1998) (citations omitted).
There is no basis under the MOC or MCPA for an award of exemplary damages.
Accordingly, plaintiff's motion to amend to add exemplary damages shall be denied.

3.    **Defendant Has Failed to Show Plaintiff's Motion Should
       Be Denied for Delay, Bad Faith or Prejudice**

Defendant argues that plaintiff's motion to amend should be denied on the grounds
that plaintiff unreasonably delayed in filing the motion, filed the motion in bad faith, and
defendant will be prejudiced if the court allows the amendment.  None of these arguments
are persuasive.  Plaintiff's delay in filing the motion is explained by the fact that plaintiff only
recently retained counsel, and since that time until the present, the parties were involved
in settlement negotiations.  While defendant argues settlement discussions fail to excuse
untimely filings, plaintiff's motion to amend in this case was not made so late in the
proceedings so as to be considered untimely.  True, the motion was filed at the close of

discovery, but by agreement of the parties, the trial of this matter is not scheduled until September 30, 2014, so there is ample time to allow for additional discovery, if necessary, without altering the court's scheduling order.  In addition, plaintiff argues that noticed depositions of plaintiff's witnesses and the deposition of Midland's Rule 30(b)(6) witness have not yet been taken.  Nothing suggests that plaintiff acted in bad faith in filing his motion to amend.  Plaintiff had been representing himself in a small claims matter.  It is the defendant who has haled plaintiff into federal court.  Given these changed circumstances, it is natural that the plaintiff would see fit to amend his pleading once represented by counsel and when required to prosecute his claims in a United States District Court. Finally, defendant has failed to show prejudice should the court allow the amendment sought.  Defendant is well represented by counsel and there is little doubt that counsel can be prepared for a trial of this debt collection matter in the five months that remain before trial.

**4.    Supplemental State Law Claims Shall Not Be Dismissed**

Defendant argues that this court should decline to exercise supplemental jurisdiction over the MOC and MCPA claims pursuant to 28 U.S.C. § 1367(c).  Section 1367(c) provides district courts with discretion to decline to exercise supplemental jurisdiction where:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c).   None of the above enumerated exceptions apply.   The supplemental state law claims sought to be added arise out of the same narrow facts and involve related issues.   Accordingly, plaintiff's motion to amend the Complaint to add related state law claims shall be granted.

**5.**     <u>**FDCPA Claims Against John Doe Are Not Barred by the Statute of Limitations**</u>

Plaintiff seeks to add John Doe and Midland Funding as defendants for alleged violations of the FDCPA.   Midland argues that plaintiff's FDCPA claims against John Doe and Midland Funding were brought more than one-year after the violations alleged in the Proposed Amended Complaint, which took place from September to December, 2012, and thus, fall outside the one-year limitations period and are barred pursuant to 15 U.S.C. § 1692k(d).   In the initial Complaint filed in the 45th Judicial District of Michigan, however, plaintiff stated that Midland called him on March 14, 2013, along with many other times. (Doc. I, Ex. 1).   Thus, the FDCPA claims against John Doe, which plaintiff sought to add by motion filed on February 13, 2014, would not be time-barred as to phone calls made on March 14, 2013, or thereafter.   Accordingly, plaintiff's motion to add a FDCPA claim against John Doe shall be granted.   The court does not address the question of whether the statute of limitations defense bars an FDCPA claim against Midland Funding as plaintiff's motion to amend to add Midland Funding as a defendant shall be denied on other grounds.   Specifically, the only theory of liability against Midland Funding is vicarious liability and such liability is not cognizable based on a parent/subsidiary relationship as set forth below.

6.      **Respondeat Superior Theory Fails**

Plaintiff contends that Midland Funding is vicariously liable under the doctrine of *respondeat superior* for the acts of its subsidiary, Midland, as to all counts of the Complaint.[1]   Plaintiff's motion to amend the Complaint to add claims against Midland Funding based on the doctrine of *respondeat superior* shall be denied as those claims are futile.   Under the doctrine of respondeat superior, an employer is liable for the acts of his employee, taken in the scope of his employment.   Hamilton v. Carell, 243 F.3d 992, 1001 (6th Cir. 2001).   A parent company is not liable for the acts of its subsidiary under the doctrine of *respondeat superior*.   Id. at 1004 (citations omitted).   "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities."   Seasword v. Hilti, Inc., 449 Mich. 542, 547 (1995).   The Michigan Supreme Court has explained that the presumption that parent and subsidiary corporations are distinct entities, also called the "corporate veil," may be pierced only where an otherwise separate corporate existence has been used to "subvert justice or cause a result that [is] contrary to some other clearly overriding public policy."   Id.  at 548.   Plaintiff has not alleged facts supporting an inference that Midland Funding is the "alter ego" of Midland such that the "corporate veil" should be pierced.   Accordingly, plaintiff's motion to amend the Complaint to add claims against Midland Funding, based on "agency principles," shall be denied.

---

[1]Plaintiff only alleges that Midland Funding is *directly* liable with respect to alleged violations of the FCRA as set forth in Count IV of the Complaint.  The court has already ruled that plaintiff's FCRA claims are defectively pled and may not be added.

7.    **Demand for Jury Trial**

In his motion to amend, plaintiff asserts a request for jury trial for the first time. Defendants oppose the jury demand on the grounds that it is untimely, and must be raised in a separate motion.  Defendants are correct that the request is untimely as Federal Rule of Civil Procedure 38(a) requires that a jury demand be made within 14 days of the last pleading.  Defendants filed their answer on May 31, 2013.  Thus, plaintiff's jury demand as of right clearly has expired.  The court has broad discretion, however, to grant an untimely jury demand.  Fed. R. Civ. P. 39(b); Kitchen v. Chippewa Valley Schs., 825 F.2d 1004, 1013 (6th Cir. 1987).  Although Rule 39(b) anticipates that decisions over whether to grant a jury demand after the time period has expired will be decided by separate motion, there is no reason not to treat plaintiff's motion to amend here as a motion for jury trial.  See Barron v. Bankers Life & Cas. Co., 288 F.R.D. 187, 191 n.2 (W.D. Tenn. 2012) (treating amended complaint as motion for jury trial).  Defendants have had the opportunity to respond to plaintiff's demand for a jury trial and have fully briefed the issue.  Thus, the matter is ripe for the court's review.

The Sixth Circuit has reiterated the rule that the district "court's discretion should be exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." Moody v. Pepsi-Cola Metro. Bottling Co., Inc., 915 F.2d 201, 207 (6th Cir. 1990) (citing Kitchen, 825 F.3d at 1013).  No compelling reasons here would justify a denial of plaintiff's jury demand.  Defendants complain that plaintiff delayed in making the request, but defendants have failed to show any prejudice.  In fact, defendants admit that they were on notice of plaintiff's intent to seek a jury trial as of January 24, 2014, when plaintiff responded to discovery requests by stating that "damages is up to a jury to decide."  (Doc.

-10-

20, Ex. 5 at 6).  Moreover, plaintiff's delay can be explained by the fact that plaintiff, acting *pro se*, initiated this case in small claims court and it was many months after this action was removed before plaintiff's counsel entered an appearance in this case.  The parties recently entered a stipulated scheduling order extending all dates and the trial of this matter is now set for September 30, 2014.  Defendants have not shown that additional discovery is necessary to prepare for a jury trial, but should such discovery be warranted, there is ample time to allow for an extension of discovery without altering the court's scheduling order.

In addition, the Sixth Circuit has recognized that policy considerations warrant exercising Rule 39(b) discretion in favor of granting an untimely jury demand, where the plaintiff has been haled into federal court against his will. Misco Inc. v. U.S. Steel Corp., 784 F.2d 198, 205 n.8 (6th Cir. 1986).  Such is the case here.  In sum, defendants have shown no prejudice if the court allows plaintiff's jury demand to stand. Plaintiff's delay was not made in bad faith, but can be explained by the fact that his small claims matter was removed to federal court and plaintiff only recently retained counsel.  Defendants have been on notice of plaintiff's intent to seek a jury trial for several months, and allowing this case to proceed as a jury trial will not require an extension of any scheduling dates. Accordingly, the court shall grant plaintiff's jury demand.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to amend (Doc. 11) is GRANTED, in part, and plaintiff is allowed to add John Doe as a defendant, is allowed to add claims under MOC and MCPA, and is allowed to add a jury demand.  Plaintiff's motion to amend is DENIED, in part, and plaintiff is barred from adding a FCRA claim against any defendant,

-11-

is barred from seeking exemplary damages, and is barred from adding Midland Funding

as a defendant.

**IT IS SO ORDERED**.

Dated:  May 14, 2014

s/George Caram Steeh\
GEORGE CARAM STEEH\
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 14, 2014, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---

-12-